Simon, J.
delivered the opinion of the court.
This case comes up on a rule taken by the sureties in the bail bond of one of the defendants, on the plaintiffs to show cause why the said bond should not be cancelled, and the sureties discharged from any further liability on the same, for the following reasons: 1st. That the evidence and proceedings on file show that judgment was rendered upon a cause of action acquired by the plaintiffs subsequent to the issuing of the arrest; 2d. That the parties have been discharged by operation of law; and 3d. That from the answers of plaintiffs to interrogatories and other evidence of the case, it is manifest that the defendants were not indebted to the plaintiffs at the time the arrest issued. The lower judge being of opinion that a rule was not the proper remedy and that he had no right to cancel the bond by this course of proceeding, except upon the surrender of the principal, discharged the rule, and the sureties appealed.
The appellees contend that the sureties in a bail bond being not parties to the suit in which the bond was given, have no right to move for a rule; and that a bond cannot be cancelled on a rule to show cause except in one in-[531] stanoe provided for by the art. 232 of the Oode of Practice, where the arrested debtor has been surrendered, which is not the case here.
We think the parish judge erred. The art. 755 of the Oode of Practice provides" that judgment shall be pronounced summarily on all incidental questions arising in the course of a civil trial; and under the art. 235 and 2d sect, of the law of 1839, p. 162, proceedings on bail bonds, when the surety is sought to be made liable for the amount of the judgment rendered against the debtor, are to be tried summarily and without the intervention of a jury; the same right is specially allowed to the surety, after the surrender of the person of the debtor, for the purpose of obtaining the cancelling of the bond, *321 and such right is not restrained to the case provided for in the art. 262. It is evident from these provisions of the law that the surety on a bail hond is so far considered a party to the suit, that the plaintiff is entitled to proceed against him summarily on simple motion or rule to show cause in the suit in which the judgment has been rendered; if so, we can see no good reason why the means of defence given by law should not be equal to the means of aggression, and why the surety should not be permitted to obtain his discharge, on any legal ground he may have to set up, by resorting to the same mode of proceeding. All that relates to or results from a hail bond in a civil action, may be considered as incidental questions arising in the course of the suit; the principal action is the origin and cause of the liability of the defendant’s surety on the bond, and without the proceedings on which "the arrest was issued, and those subsequently had, the plaintiff would have no claim to set up against the bail. We do not therefore hesitate to say that whenever a question arises out of a hail hond, either to enforce its payment, or to destroy the surety’s liability, such question is incidental to the main action, and may he tried summarily and without the necessity of instituting a new suit.
It is therefore ordered, adjudged and decreed, that the judgment of [532] the parish court be annulled, avoided and reversed; that the rule obtained by the defendant and his sureties be reinstated, and that this case be remanded for further proceedings thereon according to law; -plaintiffs and appellees paying the costs of this appeal.